[No. 11292.    Department Two. — February 27, 1886.]

GEORGE J. MATTHEWS, Petitioner, v. SUPERIOR COURT OF MARIN COUNTY, Respondent.

Practice — Trial by Judge of Different County — Order Extending Time — New Trial. — Where by reason of the disqualification of the judge of the court in which an action is tried the trial is presided over by a judge of another county, the latter has power to grant an order extending the time to prepare and serve a statement on a motion for a new trial, although the order is made in a county other than the one in which the action was tried.

Application for a writ of review.    The facts are stated in the opinion.

*James F. Smith*, for Petitioner.

*Hepburn Wilkins*, for Respondent.

The Court. — Application for a writ of review.

The cause of *Coughran* v. *Matthews*, the applicant for the writ here, was appealed by Matthews to the Superior Court of the county of Marin, from a judgment rendered in a Justices' Court, and the Hon. E. B. Mahon, the judge of the Superior Court above named being disqualified to try the cause on appeal, the Hon. J. F. Sullivan, a judge of the Superior Court for the city and county of San

Francisco, at the request of Judge Mahon, presided at the trial of the appeal above stated. On this trial a verdict was returned, and judgment was rendered for the plaintiff.

Matthews within the proper time regularly gave notice of his intention to move for a new trial on various grounds, among which were insufficiency of the evidence to justify the verdict, and errors of law occurring at the trial and excepted to by the defendant.

The time for defendant to prepare and serve a statement on motion for a new trial was extended by agreement until the fourteenth day of May, 1885, after which, by order of Judge Sullivan, the time was further extended to the twenty-ninth of the same month, and by another order of the same judge the time was again extended to the 13th of June, 1885. It does not appear when the first of these orders was made by Judge Sullivan, but the second order shows on its face that it was made at San Francisco.

The statement was prepared and served within the time thus extended. To this statement the attorney for plaintiff proposed amendments, reserving at the same time an objection that the statement was not served in time as required by law, and that no extension of the time allowed by law to serve the statement was ever made by the Superior Court of Marin County, or any judge thereof, and that the extensions granted by order of Judge Sullivan were made by him in the city and county of San Francisco, within which city and county Judge Sullivan had no power to grant such orders, and that the said judge had no power to make such orders, except while he was holding court in Marin County.

On motion of plaintiff's attorney, the motion for a new trial was, on the 26th of September, 1885, dismissed. This dismissal was ordered by the court, Judge Sullivan presiding.

It is argued here that the defendant's motion for a new

trial was dismissed on the ground that the orders of Judge Sullivan, made in the city and county of San Francisco, extending the time to prepare and serve the statement, were without authority; that therefore there was no extension of such time made, and the statement was not filed in time.

The order dismissing the motion is as follows:—

"Plaintiff's motion to dismiss defendant's motion for a new trial having been fully considered, and now on this day the court being fully advised, it is ordered that the same be and is hereby granted, and that said motion for a new trial be dismissed."

It does not appear *in terms in the order* on what ground the motion was dismissed, and it is argued from this that we must presume that the motion was granted on some proper ground.

But the order refers to "plaintiff's motion," and the only notice of such motion was the one given in his objection and grounds above stated to the statement as not in time, and it is fair and just to presume that the court dismissed it on such grounds.

The question then arises, Is such an order, made by a judge of another court, who presided at the trial in place of the judge of the court in which the cause is tried, who was disqualified, made without authority when granted in a county other than that in which the cause is tried?

It would be strange if the law did not give power to the judge who tried the cause to make such orders. It would be hard on litigants if, when such orders which are usually made when applied for are needed, the judge who had tried the cause should be without authority of law to make them unless in the county where the cause had been tried. If such is the law, the judge must leave his own county and visit the county of trial to make the simplest order applied for in the cause. Such order, too, having no relation to the merits, but relating *to a mere*

*matter of procedure* to put a phase of the cause in a condition to be heard.

The judge who tried the cause is the proper judge to settle the statement.    (Code Civ. Proc., sec. 659, subd. 3.) He can, therefore, take all necessary steps to have it properly settled.   For this purpose he can extend the time for its proper preparation for settlement.    This power to extend need not be exercised by the judge in court.   (Code Civ. Proc., secs. 166, 176.)   Such extensions may be made by a judge at chambers.    (Code Civ. Proc., sec. 166.)   Orders made out of court may be made by the judge of the court in any part of the state.   (Code Civ. Proc., sec. 1004.)   The motions referred to in section 1004, just cited, which by it are required to be made in the county or city and county in which the action is pending, in our opinion, are such motions as must be made and heard in court, and not the *ex parte* motions which may be made and passed on at chambers.

Judge Sullivan, as to this power to extend time to prepare and serve a statement, was, in our judgment, invested with the same powers as the judge of the court where the cause was pending would have had if not disqualified.   He was, as regards the cause he had tried, the judge of the Superior Court of Marin County, and could make the extension orders granted by him in any part of the state.

Under these circumstances, the learned judge had no power or jurisdiction to dismiss the motion for a new trial.   He was vested with jurisdiction to settle the statement and hear the motion, and he was without jurisdiction to decline to do so.

The order dismissing the motion for a new trial must be quashed and annulled, and it is so ordered.