THE NEBRASKA MANUFACTURING COMPANY, PLAINTIFF
IN ERROR, V. JOHN R. MAXON ET AL., DEFENDANTS
IN ERROR.

County Judge: DISQUALIFICATION: POWER OF APPOINTEE.
A person appointed by the county board to act in place of the
county judge during the disqualification of such county judge
from acting in any cause or matter before him, will continue
to act until the whole cause or matter is disposed of, including
every matter and thing connected therewith, which might or
could be officially done or performed by the county judge, were
he not disqualified to act in such cause or matter.

ERROR to the district court for Kearney county.   Tried
below before GASLIN, J.

*Dilworth, Smith & Dilworth,* for plaintiff in error, cited:
Comp. Stat., Secs. 26, 35, Ch. 20.   Sec. 1008, Civil Code.
*Ex parte Johnson,* 15 Neb., 512.

*Stewart & McPheely,* for defendant in error, cited:   *Ex
parte Strang,* 21 Ohio State, 610.

COBB, J.

The plaintiffs in error brought their action against the
defendants in error in the county court of Kearney county.
G. L. Godfrey, county judge of said county, being one of
their attorneys, was incompetent to try the cause.   The
parties mutually stipulated that Joel Hull, Esq., one of the
attorneys of said court, should be appointed a special dep-
uty county judge of said county, to try said cause, and
mutually petitioned the county board of said county to
make such appointment, which was accordingly done.
The cause was tried before said court, the said special dep-
uty county judge presiding, with a jury, which trial re-
sulted in a verdict and judgment for the defendants.   The

plaintiffs thereupon took an appeal to the district court, within the time provided by law. The cause was tried on the 30th day of April. The appeal bond was filed and approved on the first day of May, and on the 22d day of the same month, the said special deputy, Joel Hull, made out, signed, and sealed, with the seal of said court, a transcript of said judgment, including all of the proceedings in said cause, which was on the same day filed in the district court of said county. At the next term of the district court the said case was called, and by consent of parties continued to the next succeeding term, at which succeeding term the defendants filed a motion to dismiss the appeal, on the ground, and for the reason, that no transcript of proceedings had in the lower court was filed in the district court on or before the second day of the next term thereof after the rendition of said judgment; that no appeal bond was filed and approved, as required by law; that said cause was tried in the county court in and for Kearney county on the 30th day of April, 1885, and verdict and judgment was entered, immediately, on the said day, and that said case was tried before Joel Hull, he, the said Joel Hull, having been, on the 9th day of January, appointed by the board of supervisors judge *pro tem.* to hear the said cause; that immediately after the rendering of said judgment said Joel Hull surrendered and delivered to G. L. Godfrey, the said G. L. Godfrey being then and there, from said time, county judge of said county, duly elected and qualified, the records and official seal of said county court being in his care since April 30, 1885; that the paper filed herein, purporting to be a transcript of the proceedings of the case in the lower court, was signed on the 22d day of May, 1885, by said Hull; that said Hull had no right or authority to sign and certify to said record of said county court; that the said Joel Hull has not had the said records in his possession or under his control since the 30th day of April, 1885; that when said Joel

Hull, on the 22d day of May, signed said paper purporting to be a transcript, he was not county judge, but G. L. Godfrey was the only proper person to sign said transcript.

The motion was sustained by the court, and said appeal dismissed.

The plaintiff afterwards filed a motion to set aside and annul said order of the court dismissing the said appeal, which was overruled. The plaintiff brings the cause to this court on error.

Section 35 of chapter 20 of the Compiled Statutes provides as follows: "When any probate judge shall be disqualified from acting in any cause or matter before him, or is temporarily absent from the county, the county commissioners may appoint a competent and disinterested person to act in place of such judge in such case, or other matter, during such absence or disqualification, who shall give bonds in the same manner, and possess the same powers, and be subject to the duties, restrictions, and liabilities therein as are prescribed by law respecting probate judges."

It thus appears that there are two cases wherein the county commissioners may appoint a person to act as a probate (county) judge. *First*, where the probate (county) judge is disqualified from acting in any cause or matter before him; and *secondly*, where such judge is temporarily absent from the county. In the latter case the appointment of such person is clearly temporary, and his authority to act as such will be measured by the continuance of the absence of the probate judge from the county. In the first case the appointment of such person is not temporary, except in the sense that all lawsuits or other matters pending before a court will, or ought to, terminate sometime; but until the cause or matter in which the probate judge is disqualified, and which disqualification was the cause of such appointment being made, is finally determined and disposed of, the person so appointed will possess the power to act and perform any duty as probate judge in and about

such cause or matter, which the probate judge might or could do or perform, were he not disqualified to act therein. In such case the person so appointed does not, nor can he, take or hold exclusive possession of the probate office records or seal, but he will have access thereto as long, and whenever it may be necessary, for the full and complete purpose of such appointment.

In the case at bar, Judge Godfrey was disqualified to act in the case, by reason of his being one of the attorneys for the plaintiff. His disqualification was not confined to the hearing and trial of the case, but extended to every official act necessary to be done or performed by the probate judge of said county in and about said cause, including, as I understand the law, the approval of the appeal bond and the certifying of the transcripts.

The appeal having been dismissed on the ground that there was no transcript filed in the district court, other than the one certified and sealed by Joel Hull, the person specially appointed by the county board on account of the disqualification of the probate judge, and he being, as appears above, the proper person to sign and seal such transcript, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.

THE other judges concur.