## ROSS HARRIS v. UNITED STATES.

No. A-89.  Opinion Filed November 23, 1910.

1.  JURY—Decrease of Number of Challenges—Ex Post Facto Acts. A law curtailing the number of peremptory challenges which a defendant may have in the impaneling of a trial jury, enacted after the commission of the offense charged, is not **ex post facto** as to such offense.

2.  SAME—Felonies in Ind. Ter. Antedating Statehood. In the Indian Territory a defendant charged with a felony was allowed to challenge twenty jurors peremptorily; and under sec. 28 of the Schedule of the Oklahoma Constitution, accepting the terms of an amendment to the Enabling Act, providing that all criminal cases pending in the Indian Territory not transferred to the federal courts should be proceeded with in the state courts under the laws then in force in the Indian Territory, a defendant tried in the state court for a felony committed in the Indian Territory before statehood is entitled to twenty peremptory challenges; and it is error for the court to restrict him to five.

3.  ARRAIGNMENT AND PLEAS—Necessity of Arraignment. Under the law in force in the Indian Territory before statehood, it was error to put a defendant on trial without arraignment and plea.

(Syllabus by the Court.)

*Appeal from District Court, Johnston County; A. T. West, Judge.*

On March 20, 1907, Ross Harris was indicted in the United States Court for the Southern District of Indian Territory for the crime of larceny. Upon the admission of Oklahoma into the

Union the cause was transferred to the District Court of Johnston County, and was tried during the September, 1908, term of said court, resulting in a conviction and a judgment imposing upon the defendant a term of imprisonment in the penitentiary. He filed a motion for a new trial, which was overruled, and he appeals. Reversed and remanded.

*Summers Hardy* and *Wm. M. Franklin,* for plaintiff in error. —On necessity of arraignment: *Dansby v. U. S.,* 2 Ind. Ter. 456; *Crain v. U. S.,* 162 U. S. 643; *Hopt v. Utah,* 28 L. Ed. (U. S.) 262.

*Charles West,* Atty. Gen., and *E. G. Spilman,* Asst. Atty. Gen., for defendant in error.

RICHARDSON, JUDGE. In the impaneling of the trial jury plaintiff in error demanded twenty peremptory challenges, the number allowed a defendant in felony cases under the law in force in the Indian Territory before the admission of Oklahoma into the Union. This the court refused, and restricted plaintiff in error's peremptory challenges to five, the number authorized by the statutes of Oklahoma. Such action of the court is assigned as error. The state has filed a confession of error upon this point, stating in effect that a law curtailing the defendant's peremptory challenges, enacted after the commission of the offense, is *ex post facto* and void, and citing *Kring v. Missouri,* 107 U. S. 221, 27 L. Ed. 506, and *State ex rel. v. Caruthers,* 1 Okla. Cr. 428, 98 Pac 474. We do not think that such a law is *ex post facto,* or that the authorities cited so hold. The granting or withholding of peremptory challenges is solely a matter of procedure. The constitutionality of such a law when enacted after the commission of the offense charged has been passed upon frequently, and so far as we are able to find, the law has been upheld in every instance. *Lore v. State,* 4 Ala. 173; *South v. State,* 86 Ala. 617, 6 So. 52; *Perry v. Com.,* 3 Grat. 632; *People v. Mortimor,* 46 Cal. 114; *People v. Campbell,* 59 Cal. 243; *Mathis v. State,* 31 Fla. 291, 12 So. 681; *Stokes v. People,* 53 N. Y. 164. And

on the same principle it has been held also that a subsequent act increasing the number of the state's peremptory challenges is not *ex post facto*. *State v. Hoyt*, 47 Conn. 518, 36 Am. Rep. 89; *Walston v. Com.*, 16 B. Mon. (Ky.) 15; *State v. Ryan*, 13 Minn. 370; *Jones v. State*, 1 Ga. 610; *Warren v. Com.*, 37 Pa. St. 45; *Walter v. People*, 32 N. Y. 147; *State, v. Wilson*, 48 N. H. 398; *Com. v. Dorsey*, 103 Mass. 412.

Nevertheless the court erred in refusing plaintiff in error's demand, not because such a change in the law would be *ex post facto* with respect to offenses previously committed, but because no such change in the law was in fact made with respect to this case. The act of Congress approved March 4, 1907, c. 2911, sec. 3, 34 Stat. 1287, amending section 20 of the Enabling Act, the terms of which amendment were specifically accepted by section 28 of the schedule of the State Constitution, provided that, "All criminal cases pending in the United States Courts in the Indian Territory not transferred to the United States Circuit or District Courts in the State of Oklahoma, shall be prosecuted to a final determination in the State Courts of Oklahoma under the laws now in force in that territory." And by the terms of that provision the right claimed was preserved to plaintiff in error. *Hawkins v. United States*, 3 Okla. Cr. 651, 108 Pac. 561.

The defendant was put upon trial in this case without being arraigned and without waiving arraignment and without entering a plea to the indictment; and the action of the court in so putting him upon trial is assigned as error. The Court of Appeals in the Indian Territory passed upon this question in the case of *Dansby v. United States*, 2 Ind. Ter. 456, 51 S. W. 1083; and it there held that without a plea there can be no valid trial, and that the proceeding will not be held good because of the fact that the defendant went to trial voluntarily and without objection, knowing that no plea had been entered. See also *Crain v. United States*, 162 U. S. 625. Without intimating how we should hold upon this question in a case arising under the laws of Oklahoma, we do hold that the law as it existed in the Indian Territory m

regard to the defendant's arraignment and plea was and is applicable to this case, and that therefore an arraignment or a waiver of it, and the entering of a plea for the defendant was necessary to a valid trial.

Other rulings of the court were assigned as error, but they bear upon matters which are not likely to arise in another trial of the cause, and we shall not discuss them.

For the errors indicated the cause is reversed and remanded with directions to set aside the judgment and grant plaintiff in error a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.