## PRICE PATTERSON v. UNITED STATES.

No. A-743.   Opinion Filed October 18, 1911.

Rehearing Denied April 27, 1912.

(118 Pac. 150.)

1. JUDGES—Criminal Law—Qualification—Special Judge—Jurisdiction—Appeal—Review. (a) Where the regularly elected judge is disqualified and a special judge is selected by the parties to preside at the trial of a cause, the authority of such special judge ceases at the end of the term of court at which he was selected; and if the case is continued to another term of the court the special judge has no right or authority to preside at the trial of the case at the second term of the court, unless he is again lawfully selected so to do.

(b) The action of the Chief Justice of the Supreme Court of the state in assigning a district judge to preside over a special term of district court of some other district than his own cannot be inquired into on appeal.

2. APPEAL—Record—Plea. Under the law in force in the Indian Territory prior to statehood, where the record affirmatively shows that a defendant has entered a plea of not guilty, it is not necessary for the record to go further and also show an arraignment.

3. SAME—Assignments of Error—Waiver. Assignments of error, not presented in the brief of appellant or presented to the court

in oral argument, will be treated as having been abandoned, and will not be considered by the court.

(Syllabus by the Court.)

*Appeal from District Court, Garvin County;*
*Frank M. Bailey, Judge pro tem.*

Price Patterson, on the 25th day of October, 1906, in the United States Court in and for the Southern District of the Indian Territory, at Pauls Valley, was indicted for murder. Upon the admission of Oklahoma into the Union, the case was transferred to the district court of Garvin county, and was tried during the October, 1909, term of said court, resulting in the conviction of defendant of the offense of manslaughter, and a judgment rendered, imposing upon him a term of imprisonment in the penitentiary for the period of six years. He filed a motion for a new trial, which was overruled, and he appealed. · Affirmed.

*W. I. Gilbert* and *J. B. Thompson,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J. First. Judge R. McMillan, the presiding judge of the district court of Garvin county, being disqualified to preside at the trial of this case, on the 22d day of February, A. D. 1909, the Honorable Marion Henderson, a practicing attorney of the bar at Pauls Valley, Garvin county, was duly agreed upon by the county attorney and the defendant to sit as judge in the trial of this case, and on said date said Honorable Marion Henderson was legally sworn in and qualified to act as special judge in this case. Thereupon a jury was called, impaneled, and sworn, and the trial of the cause was entered upon, but the jury were unable to agree upon a verdict, and were discharged by the court, and the case was continued to a succeeding term. · At the next term of the court the following proceedings were entered 'of record:

"Be it further remembered that on the 19th day of October, A. D. 1909, the following, among other proceedings, were had, to wit, court was thereupon opened in due form, the Honorable Frank M. Bailey especially assigned by the Chief Justice of the Supreme Court of the state of Oklahoma, pursuant to the order

of said court, which is in words and figures as follows, to wit: 'It having been made to appear that the public business requires it: Now, therefore, I, M. J. Kane, Chief Justice of the Supreme Court of the 'state of Oklahoma, do hereby appoint, designate, and assign the Honorable Frank M. Bailey, the duly elected judge of the Fifteenth district court judicial district of the state of Oklahoma, to hold court at Pauls Valley, in the county of Garvin, in the Fourteenth district court judicial district of the state of Oklahoma, commencing on October 18, 1909, and continuing for a period of one week thereafter, provided, that it is the intention of this order that one or more district judges may sit separately at the same time with the regularly elected judge of the said district. Done at my chambers, in the city of Guthrie, county of Logan, state of Oklahoma, this the 9th day of October, 1909. M. J. Kane, Chief Justice of the Supreme Court of the State of Oklahoma.' "

In pursuance of this order the Honorable Frank M. Bailey, as judge *pro tempore,* presided at the trial of this cause.

In the brief of counsel, it is contended that, as the Honorable Marion Henderson had previously been agreed upon and qualified as special judge to try this case, the Honorable Frank M. Bailey was without jurisdiction to preside at this trial, and they rely upon this as one of their grounds for a reversal. This question has already been determined adversely to the contention of counsel for appellant. In the case of *Dodd v. State,* 5 Okla. Cr. 518, 115 Pac. 632, Judge Armstrong, speaking for this court, said:

"Does the authority of a judge *pro tempore* cease with the lapsing of the term of the court during which he is selected to preside over the trial of a case, or does it continue until the case is finally tried and disposed of? The Supreme Court of Wisconsin, in the case of *Fordyce v. State,* and *State v. Fordyce,* reported in 115 Wis. 608, 92 N. W. 430, in discussing this identical question as to when the authority of a judge *pro tempore* ceases, held that this authority ceases with the lapsing of the term of court at which he is called to preside over the trial of a certain cause. The statute in that state provides that the trial judge, when he is disqualified to preside over the trial of any cause, may call another judge to preside over the trial. Our statute provides that the parties may agree on a special judge to preside in his stead. The principle is the same. The rule announced in the Wisconsin case, *supra,* is that contemplated by

our law. The authority of a special judge selected by the parties to preside, instead of the regularly elected judge, who is disqualified by reason of any of the provisions of our statute, ceases with the lapsing of the term during which he is selected, unless the case is finally disposed of at such term, and in that case ceases with the final disposition of the cause."

Counsel further insist that no proper request was ever made to the Honorable M. J. Kane, Chief Justice of the Supreme Court of the state of Oklahoma, to assign Judge Bailey to preside as special judge over the district court of Garvin county. Neither the statute nor the Constitution prescribes any special form in which this request must be presented to the Chief Justice of the Supreme Court. or that such request, when presented, shall be made a matter of record. This is left to the discretion of the Chief Justice of the Supreme Court. We have no right to inquire into or review these matters; and the action of the Chief Justice in assigning Judge Bailey to preside, as therein directed, is conclusive as far as this court is concerned. We therefore hold that Judge Bailey, by virtue of this order, was vested with full power and authority to preside over the district court of Garvin county during the time mentioned therein, and that as said special judge he had full power and authority to preside at the trial of this case, and that the power of the Honorable Marion Henderson to preside as special judge in this case ended with the term of court at which he was selected.

Second. Counsel contend that a new trial should be granted appellant, because he was not arraigned as provided by law. In support of this contention, they rely upon the case of *Harris v. U. S.,* 4 Okla. Cr. 317, 111 Pac. 982, 31 L. R. A. (N. S.) 820. Harris had been indicted in the United States Court for the Southern District of the Indian Territory, for the crime of larceny, prior to statehood. Upon the admission of Oklahoma into the Union, the case was transferred to the district court of Johnston county, and he was tried during the fall of 1909. The record in that case failed to show that the defendant had ever been arraigned, or had waived arraignment, or that he had ever entered a plea to the indictment. We there held under the law

in force in the Indian Territory prior to statehood, by which the defendant was entitled to be tried, that without a plea there could be no valid trial, and upon this ground, among others, the judgment of the lower court was reversed. This case, however, does not in any manner support the contention of appellant. The record in this case affirmatively shows that the indictment was read to the jury in the presence of the defendant, and that thereupon the defendant entered his plea of not guilty. Bishop's Criminal Procedure, vol. 1, sec. 1354, states the law upon this subject as follows: "Arraignment, being simply a step for obtaining the plea, need not be shown if the plea is shown." We therefore hold that, as the record affirmatively shows in this case that a plea of not guilty was entered, this amounts to a waiver of arraignment on the part of the defendant. The position of counsel for appellant is not well taken.

Third. These being the only questions discussed in the brief of appellant, the other assignments of error have been abandoned, and therefore will not be considered.

Finding no error in the record, the judgment of the lower court is in all things affirmed.

ARMSTRONG and DOYLE, JJ., concur.