ELVIRA JUANA MANUELA JOAQUINA GARCÍA-FERNÁNDEZ, Plaintiff and Appellee, v. JOSEFA AGUAYO and GRACIELA GARCÍA, Defendants and Appellants.

No. 3898.   Argued May 17, 1926.—Decided July 29, 1926.

*José Tous Soto* for the appellants.   *E. Ramos Antonini* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The fundamental question involved in the appellee's motion for dismissal of the appeal is whether or not a special judge has authority to grant extensions of time for filing the statement of the case for the purpose of an appeal.

By reason of the disqualification of the regular judge of the District Court of Ponce the case now before us was tried before Gabriel Castejón, who was at the time the regular judge of the District Court of Guayama and had been appointed special judge in the said case. The appellants duly applied for and were granted by the said judge two extensions of thirty days each to prepare the statement of the case. In her motion the appellee alleges that these exten-

sions of time were void, and that as over thirty days had elapsed since the filing of the notice of appeal without the appellants' having filed a statement of the case, the appeal should be dismissed.

The contention of the appellee is based on the theory that section 299 of the Code of Civil Procedure, as amended by Act No. 81 of June 26, 1919, only authorizes the granting of such extensions of time by the court, by this being understood the regular judge of the court and not a special judge, whose jurisdiction is limited to the approval of the statement of the case.

In the case of *Cruz* v. *Jiménez*, 30 P.R.R. 793, it was held that Acts Nos. 27 of 1917 and 81 of 1919 were additions to section 299, and not amendments thereto, and in that of *Rodríguez* v. *Porto Rico Railway, Light & Power Co.*, 30 P.R.R. 869, the constitutionality of the said two acts was maintained on the same ground, and if this be so, sections 215 *et seq.* of the Code of Civil Procedure have continued in force.

Section 215 says that a bill containing the exceptions to any decision may be presented to the court or the judge for settlement.

Section 216 fixes the term of ten days after receiving notice of the entry of the judgment, or such further time as the court in which the action is pending, or the judge thereof, may allow, to prepare the draft of a bill . . . and provides that this bill of exceptions be delivered to the secretary of the court for the judge who tried or heard the case . . .

These provisions refer not only to the word "court" but also to the word "judge" and, having been taken substantially from the California Code, we concur with the appellants that with said provisions were also adopted the jurisprudence of that state interpreting them. In the case of *Matthews* v. *Superior Court*, 68 Cal. Rep. 638, the Supreme Court of California said:

"It would be strange if the law did not give power to the judge who tried the cause to make such orders. It would be hard on litigants if, when such orders which are usually made when applied for are needed, the judge who had tried the cause should be without authority of law to make them unless in the county where the cause had been tried. If such is the law, the judge must leave his own county and visit the county of trial to make the simplest order applied for in the cause. Such order, too, having no relation to the merits, but relating to *a mere matter of procedure* to put a phase of the cause in a condition to be heard.

"The judge who tried the cause is the proper judge to settle the statement. (Code Civ. Proc., sec. 659, subd. 3.) He can, therefore, take all necessary steps to have it properly settled. For this purpose he can extend the time for its proper preparation for settlement. This power to extend need not be exercised by the judge in court. (Code Civ. Proc., secs. 166, 176.) Such extensions may be made by a judge at chambers. (Code Civ. Proc., sec 166.) Orders made out of court may be made by the judge of the court in any part of the state. (Code Civ. Proc., sec. 1004.) The motions referred to in section 1004, just cited, which by it are required to be made in the county or city and county in which the action is pending, in our opinion, are such motions as must be made and heard in court, and not the *ex parte* motions which may be made and passed on at chambers.

"Judge Sullivan, as to this power to extend time to prepare and serve a statement, was, in our judgment, invested with the same powers as the judge of the court where the cause was pending would have had if not disqualified. He was, as regards the cause he had tried, the judge of the Superior Court of Marin County, and could make the extension orders granted by him in any part of the state.

"Under these circumstances, the learned judge had no power or jurisdiction to dismiss the motion for a new trial. He was vested with jurisdiction to settle the statement and hear the motion, and he was without jurisdiction to decline to do so.

"The order dismissing the motion for a new trial must be quashed, and annulled, and it is so ordered."

The appellee argues that the authority of the case cited only decides a territorial question, and that she is not contending that Judge Castejón granted the extensions at Humacao, but that he absolutely had no jurisdiction to grant

them. However, in the case we have quoted as upholding a proposition contrary to the appellee's theory, the absolute authority of the judge who tried the case to grant extensions is considered as established, and what is open to discussion is a question of mere contingency, in respect to whether the authority of the judge extended to granting these extensions outside of the district where the trial was held, and this is decided affirmatively.

Nor can it be considered an objection that sections 215 *et seq.* of the Code of Civil Procedure refer in their effect to motions for new trials. By these sections what is intended is to preserve the exceptions taken to be used not only in connection with the motions for new trials, but also on appeal.

That the word "court" includes, whenever necessary, the judge who tried the case can perhaps be better explained when its true sense has been determined, by saying: "The one common and essential feature in all courts is a judge or judges—so essential, indeed, that they are even called *the court*, as distinguished from the accessory and subordinate officers." *Ex parte Plata,* 22 P.R.R. 175.

And if the provisions of section 219 of the Code of Civil Procedure and the jurisprudence establish that it is for the judge who tried the case to settle the bill of exceptions or the statement of the case, and section 299 provides that the statement shall be presented to the court, which must be taken to mean for its approval, the word "court" no doubt includes the judge who presided at the trial, whether or not he be the regular judge, or otherwise the effect of section 299 would be to repeal by implication section 219, the contrary having been held by this Supreme Court in the cases of *Cruz* and *Rodríguez, supra.*

On the other hand, section 353 of the Code of Civil Procedure reads:

"Section 353.—When an act to be done, as provided in this Code, relates to the pleadings in the action, or the undertakings to

be filed, or the justification of sureties, or the preparation of statements, or of bills of exceptions, or of amendments thereto, or to the services of notices, other than of appeal, the time allowed by this Code may be extended, upon good cause shown, by the court in which the action is pending, or the judge thereof."

This section, which refers to "court" and "judge," strengthens the position of the appellants. It is taken from section 1054 of the Code of Civil Procedure of California. It is true that'its adoption was not literal, and there is some difference when compared with the original, but this difference is to be laid to the manner in which the superior courts of California are constituted, consisting of several judges. In Porto Rico when the Code of Civil Procedure went into effect on July 1, 1904, the district courts consisted of one judge. Here lies the difference, but not in respect to the scope derived from either provision.

For the reasons stated the motion for dismissal is overruled.