## EDGAR COLLIER v. STATE.

No. A-8152.   Nov. 21, 1931.
(5 Pac. [2d] 405.)

Cress & Tebbe, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the Billings division of the county court of Noble county of the unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $50 and imprisonment in the county jail for a period of 30 days.

It appears from the record that the regular county judge had disqualified; that on January 22, 1930, the state and the defendant agreed upon Hon. H. E. St. Clair as

special judge; that on the 27th day of January, 1930, an order was made transferring the trial of the case to the Billings division of the Noble county court; that the case was not called for trial until the 9th day of October, 1930; that the verdict of the jury was returned on the 9th day of October, 1930; that a motion for a new trial was filed on the 15th day of October, 1930, and a motion in arrest of judgment was filed on the 24th day of February, 1931; that final judgment and sentence was pronounced on the 24th day of February, 1931.

Defendant contends, first, that the court erred in overruling his objection to the regular court bailiff serving a special venire for four jurors to complete the panel.

When the case was called for trial, and after the defendant had exhausted his peremptory challenges, there remained only five jurors in the box. Thereupon the court directed the regular bailiff of the court to summon four additional jurors to constitute part of the panel from which names to complete the jury could be selected.

The defendant objected to the bailiff serving the venire, for the reason that he was more than 60 years of age and was not a resident of the Billings subdivision of the county court. No objection was made that the bailiff was otherwise disqualified, and no claim made that the defendant was forced to accept a juror over his objection who was disqualified to sit in the case.

Defendant relies on Leigh v. State, 34 Okla. Cr. 338, 246 Pac. 667, and other holdings of this court, but these authorities are not in point, for the reason that in those cases the challenge was on account of the bias and prejudice of the officers, while in the case at bar it is a purely technical objection to the legal qualifications of the officer.

It was not error for the trial court to overrule defendant's objection to the service of the special venire by the bailiff.

Defendant next contends that H. E. St. Clair was without authority to act as special judge, predicating such objection upon the fact that the record contains no oath of office taken by such special judge.

It will be presumed that everything done in a court of record is regular until the contrary is made to appear, and the burden is on the party complaining to show otherwise. Stark v. State, 10 Okla. Cr. 177, 135 Pac. 441.

16 Cyc. 1078, states the rule:

"It will be presumed that public officers, including persons acting in an official capacity, have been duly elected and that they have qualified; that their official acts are properly performed, and in general that everything in connection with the official act was legally done, whether prior to the act, as in giving notice, serving process, or determining the existence of conditions prescribed as a prerequisite to legal action, or subsequent to such act. It is furthermore the rule of procedure that the burden of proving unlawful or irregular conduct rests upon him who asserts it, since there is no presumption of official irregularity"— and in support of such rule cites a large number of authorities from various states.

It has even been held that:

"Ordinarily, a special judge must take an oath of office, but this may be waived by the parties, and, if waived, the omission of the oath cannot afterwards be made a ground of objection." State v. Van Wye, 136 Mo. 227, 37 S. W. 938, 58 Am. St. Rep. 627.

There being nothing in the record to indicate that the special judge had not taken the oath of office, the contention is without merit.

Defendant next contends that the authority of the special judge ceased with the August term of the county court for the Billings district, and that the special judge was without authority to act at the time judgment and sentence was pronounced.

Defendant relies on Dodd v. State, 5 Okla. Cr. 513, 115 Pac. 632, 633, wherein this court said:

"The authority of a special judge, lawfully selected by the parties, to preside over any cause or proceeding in which the regularly elected judge is disqualified by reason of the provisions of our statutes, ceases with the lapsing of the term at which he was selected, unless the case is finally disposed of at such term, and in that case ceases with the final disposition of the cause."

Defendant also cites Patterson v. United States, 7 Okla. Cr. 272, 118 Pac. 150, wherein this court approves that doctrine.

The Attorney General has called the court's attention to additional authorities and insists that the rule announced in Dodd v. State, supra, and in Patterson v. United States, supra, is contrary to section 2630, C. O. S. 1921, and against the great weight of authority and is not supported by the best reasoning.

Section 2630, C. O. S. 1921, provides:

"In any cause, civil or criminal, pending in any court of record in this state, if the presiding judge for any legal cause shall be incompetent or disqualified to try, hear, or render judgment in such cause, the parties or their attorneys of record, if it be a civil cause, or the prosecuting officer and the defendant or defendants or their attorneys of record, if it be a criminal cause, may agree upon some member of the bar of the district who is not disqualified, if it be in the district court, or of the county, if it be in the county or superior court, and if in any other court of rec-

ord, within its jurisdiction, to act as a special judge to hear and decide and render judgment in the same manner and to the same effect as such disqualified judge could have rendered, but for his disqualification."

In 23 Cyc., at page 611, the rule is stated:

"A special judge who has been chosen and has qualified retains exclusive jurisdiction over cases tried before him until they have been finally determined. His authority ceases ordinarily upon the entry of a final judgment."

In 15 Ruling Case Law, at page 516, the rule is stated:

"The authority of a special judge appointed to act in a particular case, because of the disqualification of the regular judge, is not limited to the term during which he is appointed, but extends to subsequent terms until the disability of the regular judge is removed."

In 33 C. J. page 1035, § 229, the rule is stated:

"If a special judge is selected for the purpose of hearing or presiding over a certain specified case or cases, his jurisdiction is limited to the trial and determination of that particular case or cases. He has no authority in any other case or cause, although it may be between the same parties. But the special judge, after he qualifies, possesses all the powers of the regular judge as to the case or cases for which he has been selected, until it or they have been finally determined."

Supporting this doctrine are Matthews v. Marin County, Superior Court, 68 Cal. 638, 10 Pac. 128; Glover v. Morris, 122 Ga. 768, 50 S. E. 956; Mayer v. Haggerty, 138 Ind. 628, 38 N. E. 42; Kissel v. Lewis, 27 Ind. App. 302, 61 N. E. 209; State v. Moberly, 121 Mo. 604, 26 S. W. 364; State v. Wear, 129 Mo. 619, 31 S. W. 608; Nebraska Mfg. Co. v. Maxon, 23 Neb. 224, 36 N. W. 492; State v. Sachs, 3 Wash. 691, 29 Pac. 446; State v. Van Wye, 136 Mo. 227, 37 S. W. 938, 58 Am. St. Rep. 627; Sublett v.

Gardner, 144 Ky. 190, 137 S. W. 864; Boone v. Boone, 152 La. 208, 92 So. 861; Burrage v. State, 101 Miss. 598, 58 So. 217.

The rule that a special judge appointed to act in a particular case is not limited to the term during which he is appointed, but extends to subsequent terms until the case is finally disposed of, is supported by the great weight of authority and the better reasoned cases.

The rule laid down in Dodd v. State, supra, and in Patterson v. United States, supra, that the authority of the special judge ceases at the end of the term of court at which he was selected, is expressly overruled.

Finally, defendant contends that the evidence is insufficient to support the verdict of the jury.

There is a conflict in the evidence, but this was for the jury. The record contains sufficient competent evidence to support the verdict.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.