[No. 4850–1. Division One. July 18, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD LAWRENCE NELSON, *Defendant,* RICHARD ALLEN TIFFIN, *Appellant.*

162

*Halverson, Strong, Moen & Chemnick* and *Rebecca M. Baker,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Roy N. Howson, Deputy,* for respondent.

JAMES, J.—At jury trial, Richard Tiffin was found guilty of two counts of armed robbery. He contends that he was unlawfully arrested and that evidence of lineup and photographic identifications as well as in–court identifications should have been suppressed under the "fruit of the poison tree" doctrine. *See Wong Sun v. United States,* 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963). In addition, he argues that he was prejudiced at trial by improper restriction of his right to exercise peremptory challenges and by a jury instruction concerning oral statements he made to police following his arrest. We affirm.

Testimony at the hearing on Tiffin's motion to suppress evidence established that an armed robbery of an ice cream parlor in Bellevue, Washington, occurred on February 8, 1976. Police officers quickly responded to the report of the crime and pursued a suspect vehicle containing three persons for a considerable distance at high speeds. Ultimately,

the three suspects abandoned the car on the grounds of Bellevue Community College and fled into adjacent woods. One officer testified that the suspect who exited from the front door on the driver's side of the car was a slender male approximately 5 1/2 feet tall who had long hair and was wearing dark clothing. Upon checking the car, officers found a purchase contract for the automobile bearing Tiffin's name. They also discovered one platform–type shoe on the driver's side and its mate outside the car in the direction taken by the fleeing suspect described above. The officers searched through the woods and eventually found another man hiding in a tree with a money bag from the ice cream parlor. No one else was found.

Early the next morning, Tiffin strolled, jacketless and shoeless, into a Shell station located across the street from the community college. He told the attendant that his jacket and shoes were stolen the evening before at a party. Suspecting something strange, the attendant motioned to a passing campus security patrol car. The officer stopped and called Bellevue police.

The police officer dispatched to the scene had been informed prior to going on patrol that a Richard Tiffin was being sought in connection with the armed robbery. The suspects had been described to him and he knew that one of them fled into the woods without shoes. Upon learning that the shoeless man in the gas station was Tiffin, the officer placed him under arrest.

Tiffin contends that the arrest was unlawful because the officer lacked reasonable grounds to believe that he had committed a felony. We do not agree.

Discovering, early on a February morning, a shoeless man matching the description of a suspected armed robber and answering to the name of one of the suspects sought in connection with the armed robbery clearly constitutes reasonable cause to place that man under arrest. Since the arrest was lawful, we need not consider further contentions with respect to the suppression of evidence of various identifications.

Tiffin next contends that he and his codefendant were not afforded the required number of peremptory challenges as provided by CrR 6.4(e)(1). As conceded by defense counsel at oral argument, this argument was recently rejected by our Supreme Court during pendency of this appeal. *State v. Allan,* 88 Wn.2d 394, 562 P.2d 632 (1977). Counsel seeks to argue, however, that CrR 6.4(e)(1) violates the constitutional doctrine of separation of powers in that it is a judicial rule superseding a legislatively enacted statute pertaining to a matter of substantive, rather than procedural, law. We do not agree.

■■ There is no constitutional right to be afforded peremptory challenges. *State v. Persinger,* 62 Wn.2d 362, 382 P.2d 497 (1963); *State v. Thomas,* 16 Wn. App. 1, 553 P.2d 1357 (1976). The number of challenges to be afforded defendants is a procedural matter properly controlled by court rule. *Cf. State v. Tharp,* 42 Wn.2d 494, 256 P.2d 482 (1953). *See also State v. Rector,* 166 S.C. 335, 164 S.E. 865 (1931); *Harris v. United States,* 4 Okla. Crim. 317, 111 P. 982 (1910). In any event, the argument is waived inasmuch as it was raised for the first time during oral argument.

■ Finally Tiffin argues that he was prejudiced by instruction No. 18 which provided:

> Admissions or confessions made by a defendant charged with a crime, when such admissions or confessions are not caused by duress or fear produced by threats, are to be considered by the jury in connection with all the other evidence in the case in determining the guilt or innocence of the accused, and their weight as evidence, like that of any other fact, is to be determined by you alone. If you find that any such admissions or confessions have been made in this case, you have a right, in weighing such testimony, to consider all the facts and circumstances connected therewith, together with the defendant's interest, if any, in the transaction, and his knowledge, if he had any, of the circumstances surrounding the same, and all other circumstances which may throw any light upon or aid you in weighing such testimony.

Tiffin did not claim that any statements he made were coerced. He contends that the instruction, which is routinely given where the voluntariness of a confession is in issue, is a comment on the evidence when voluntariness is not in issue. We do not agree. Instruction No. 18 does not express the trial judge's attitude concerning the quality of the evidence concerning Tiffin's admissions.

> To constitute a comment on the evidence, it must appear that the court's attitude toward the merits of the cause are [*sic*] reasonably inferable from the nature or manner of the court's statements.

*State v. Carothers,* 84 Wn.2d 256, 267, 525 P.2d 731 (1974). *Accord, State v. Nesteby,* 17 Wn. App. 18, 560 P.2d 364 (1977).

The judgment is affirmed.

FARRIS, C.J., and WILLIAMS, J., concur.