The defendant was indicted and convicted for rape in the first degree under Alabama Code 1975, Section 13A-6-61 (3). He was sentenced as an habitual offender to life imprisonment without parole. Two issues are presented on appeal.
 I
The act changing the number of jury strikes in a criminal case so as to give the State and the accused an equal number of strikes is not an ex post facto law as applied to the defendant.
The crime occurred and the defendant was indicted in 1981. At that time Alabama Code 1975, Section 12-16-100 was in effect and provided that the defendant would strike two prospective jurors and the district attorney would strike one. This section was amended in April of 1982 to provide one-for-one jury strikes. Now the defendant and the State strike alternately with each having only one strike.
The defendant argues that this decrease in his number of jury strikes works a substantial detriment to the accused and falls within the constitutional prohibition of ex post facto laws. A similar issue was considered by our Supreme Court in South v.State, 86 Ala. 617, 619, 6 So. 52 (1889), where it was held that a new statute reducing the number of peremptory challenges allowed in a criminal case applies to prosecutions for offenses committed prior to its passage:
 "It is further insisted, if the position considered above be not well taken, that the defendant was entitled to fifteen peremptory challenges, because this was the number allowed when the offense was committed, and the act of 1887 reducing the number is, as applied to this case, ex post facto, and void. Without enlarging argumentatively on this point, it will suffice to say, that the great weight of authority is against this position. Manifestly, laws of this class affect the remedy — the procedure by which actions are maintained, and defended and determined. They in no degree affect the right itself. *Page 671 
As to crimes, their effect is, in no sense, to make an action criminal, which was innocent when done; nor to add to the criminality of an offense after its commission; nor to increase the punishment, or to authorize a conviction on less or different testimony, than that required when the crime was committed. Relating, as they do, to procedure, laws of this character may be modified at any time by the legislature, and, as modified, will apply in all subsequent proceedings, with respect to offenses committed before, as well as those committed after their adoption. `There is no such thing', says Mr. Bishop, `as a vested right in any remedy.' Bishop's Cr.Proc. Section 178. `So far as mere modes of procedure are concerned, a party has no more right in a criminal than in a civil action, to insist that his case shall be disposed of under the law in force when the act to be investigated is charged to have taken place.' Cooley's Const.Lim., p. 329. `The legislature has power at all times to increase or diminish the number of peremptory charges to be allowed the State, or the defendant, in a criminal cause.' Thomp. Mer. on Juries, Section 165. And the doctrine of these texts has been repeatedly sustained by courts of last resort, including this court. Lore v. State, 4 Ala. 173; Perry v. Commonwealth, 3 Grat. (Va.) 632; Walson [Walston] v. Com., 16 B. Monroe (Ky.) 15; People v. Mortimer, 46 Cal. 114; People v. Campbell, 59 Cal. 243; State v. Ryan, 13 Minn. 370; Stokes v. People, 53 N.Y. 164."
What our Supreme Court said in South foreshadowed the decision of the Supreme Court of the United States in Dobbertv. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977).
 "It is equally well settled, however, that `(t)he inhibition upon the passage of ex post facto laws does not give a criminal a right to be tried, in all respects, by the law in force when the crime charged was committed.' Gibson v. Mississippi, 162 U.S. 565, 590, 16 S.Ct. 904, 910, 40 L.Ed. 1075 (1896). `(T)he constitutional provision was intended to secure substantial personal rights against arbitrary and oppressive legislation, see Malloy v. South Carolina, 237 U.S. 180, 183, 35 S.Ct. 507 [508], 59 L.Ed. 905, and not to limit the legislative control of remedies and modes of procedure which do not affect matters of substance.' Beazell v. Ohio, supra [269 U.S. 167], at 171, 46 S.Ct. [68], at 69 [70 L.Ed. 216].
 "Even though it may work to the disadvantage of a defendant, a procedural change is not ex post facto.
For example, in Hopt v. Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884), as of the date of the alleged homicide a convicted felon could not have been called as a witness. Subsequent to that date, but prior to the trial of the case, this law was changed; a convicted felon was called to the stand and testified, implicating Hopt in the crime charged against him. Even though this change in the law obviously had a detrimental impact upon the defendant, the Court found that the law was not ex post facto because it neither made criminal a theretofore innocent act, nor aggravated a crime previously committed, nor provided greater punishment, nor changed the proof necessary to convict. Id., at 589, 4 S.Ct., at 210.
 "In Thompson v. Missouri, 171 U.S. 380, 18 S.Ct. 922, 43 L.Ed. 204 (1898), a defendant was convicted of murder solely upon circumstantial evidence. His conviction was reversed by the Missouri Supreme Court because of the inadmissibility of certain evidence. Prior to the second trial, the law was changed to make the evidence admissible and defendant was again convicted. Nonetheless, the Court held that this change was procedural and not violative of the Ex Post Facto Clause." Dobbert, 97 S.Ct. at 2298.
The rule is summarized in 16A Am.Jur.2d Constitutional Law, Section 648 (1979).
 "(I)t has been held that the granting or withholding of peremptory challenges is solely a matter of procedure; and the rule is established that a law curtailing the number of peremptory challenges which a defendant may have in the impaneling *Page 672 
of a trial jury, enacted after the commission of the offense charged, is not ex post facto as to such offense (citing Ash [Ashe] v. United States, 270 U.S. 424, 70 L.Ed. 662, 46 S.Ct. 333; People ex rel. Pincus v. Adams, 274 N.Y. 447, 9 N.E.2d 46, 110 A.L.R. 1303; Harris v. United States, 4 Okla. Cr. 317, 111 R. 982; People ex rel. Chandler v. McDonald, 5 Wyo. 526, 42 P. 15.). On the same principle a subsequent act increasing the number of the State's peremptory challenges is not ex post facto (citing State v. Hoyt, 47 Conn. 518; Harris, supra; State v. Eaton, 316 Mo. 995, 292 S.W. 70)."
Upon this authority we find that Section 12-16-100 as amended in 1982 by Acts 1982, No. 82-221, so as to give the State and the accused an equal number of strikes does not operate as an ex post facto law in prosecutions for offenses committed before the amendment.
 II
The victim in this case was an eleven-year-old girl. In examining her in order to determine if she was competent to testify as a witness, the trial judge twice addressed her as "sugar", told her that "nobody is going to bother you", and gave her a "candy sucker" to keep her from being nervous. The defendant argues that these words and gestures of the trial judge indicated his partiality towards the witness and prejudiced the defendant before the jury.
As in Terry v. State, 397 So.2d 217, 222 (Ala.Cr.App.), cert. denied, 397 So.2d 223 (Ala. 1981), "we cannot say that the trial judge's conduct was so solicitous as to bolster the credibility of the witness and deny the appellant a fair trial." Defense counsel made no objections to the trial judge's words and gestures toward the witness and the record fails to reflect any improper conduct of the trial judge which prejudiced the defendant. Terry, supra. Without objection having been made at trial, the defendant has no basis of complaint on appeal.
While a judge must remain impartial, he is not a robot or a "stone-cold computer draped in a black robe." Allen v. State,290 Ala. 339, 342, 276 So.2d 583 (1973). Just as a trial judge has a duty to be just and impartial, he must also be courteous and patient. While a judge's thoughtfulness of or consideration toward a witness may be so pronounced as to operate to deny the accused a fair trial, we find no such criticism of the judge's actions available or proper here.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.