[Nos. 44045-4-I; 44741-6-I.    Division One.    March 20, 2000.]

SNOHOMISH COUNTY, *Appellant*, v. CITYBANK, *Respondent*.
SNOHOMISH COUNTY, *Respondent*, v. CITYBANK, *Appellant*.

*James H. Krider, Prosecuting Attorney*, and *Edward E. Stemler* and *Raymond J. Dearie, Jr., Deputies*, for Snohomish County.

*Robert S. Hutchison* and *Edward P. Weigelt, Jr.* of *Hutchison, Foster & Weigelt*, for CityBank.

BAKER, J. — An alleged drug dealer withdrew funds from a CityBank account that Snohomish County police had purportedly seized without a court order. Snohomish County filed suit against CityBank on theories of conversion and breach of a constructive trust. RCW 30.20.090 immunizes banks from liability for disregarding adverse claims against deposited funds in the absence of a court order or, alternatively, a surety approved by the bank. Because Snohomish County did not satisfy either of those statutory requirements, we affirm the trial court's dismissal of the suit on summary judgment. The trial court also exercised its discretion in denying CityBank's motion for attorney fees, a ruling which CityBank appeals. Because CityBank has not shown how the trial court abused its discretion, we affirm the ruling denying CityBank's motion for attorney fees.

I

Snohomish County police officers, through the Snohomish Regional Narcotics Task Force, served a search warrant at a residence and found a marijuana growing operation.

Kim Cramer was arrested at the residence. Hours later, County police served a warrant at Mr. Cramer's residence and seized business and banking records. An examination of the records disclosed that Mr. Cramer is a corporate officer of Cramer Enterprises, Inc., a company that sells equipment which can be used for cultivating marijuana.

The next morning, and without a warrant, County police presented CityBank with a document titled "Notice of Seizure and Intended Forfeiture." The document stated:

> You are hereby notified that the property identified below is being or has been seized by the Snohomish Regional Narcotics Task Force under the authority of RCW 69.50.505(a) and (b), and is intended to be forfeited in accordance with procedures set forth in RCW 69.50.505(c)-(e).

> You have a right to a hearing before the Sheriff or his designee to determine if the property should be forfeited. *In order to obtain a hearing, you must notify the Snohomish Regional Narcotics Task Force in writing (by certified mail) of your claim of ownership or right to possession of the seized property within forty-five (45) days from the date of seizure.* You may remove these proceedings to a court of competent jurisdiction under RCW 69.50.505(e).

> Failure to notify the Snohomish Regional Narcotics Task Force within forty-five (45) days of the date of seizure will result in forfeiture of the property under RCW 69.50.505(d).

> Property description:

> All money in CityBank Account number #1303604006 with Account holder of Kim Robert Cramer—Social Security #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. All monies in all Kim Robert Cramer's Bank Accounts including certificates of deposit at CityBank—SS# 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. This account(s) may be under an alternate and/or fictitious social security number.

CityBank put a hold on account number 1303604006, although that account in fact belonged to Cramer Enterprises, Inc. and is identified by a corporate federal tax identification number different from Mr. Cramer's personal

Social Security number. Mr. Cramer later went to CityBank and was allowed to withdraw funds from the Cramer Enterprises, Inc. account after a CityBank official spoke with CityBank's counsel.

The County then filed this case against CityBank for conversion and breach of constructive trust. CityBank filed a motion to dismiss which the trial court converted into a motion for summary judgment. The court concluded that CityBank is immune from liability under RCW 30.20.090, which provides:

> **Adverse claim to a deposit to be accompanied by court order or bond—Exceptions.** Notice to any . . . state bank . . . of an adverse claim to a deposit standing on its books to the credit of any person may be disregarded without liability by said bank or trust company unless said adverse claimant shall also either procure a restraining order, injunction or other appropriate process against said bank or trust company from a court of competent jurisdiction in a cause therein instituted by him or her wherein the person to whose credit the deposit stands is made a party and served with summons or shall execute to said bank or trust company, in form and with sureties acceptable to it, a bond, . . . indemnifying said bank or trust company from any and all liability, loss, damage, costs and expenses, for and on account of the payment of such adverse claim . . . .

The trial court found no conflict between the banking statute, which immunizes banks from liability for releasing funds in the absence of a court order (notwithstanding notice of an adverse claim) and the forfeiture statute, RCW 69.50.505. That statute reads:

> **Seizure and forfeiture.** (a) The following are subject to seizure and forfeiture and no property right exists in them:
>
> . . . .
>
> (7) All moneys, negotiable instruments, securities, or other tangible or intangible property of value furnished or intended

to be furnished by any person in exchange for a controlled substance in violation of this chapter or chapter 69.41 or 69.52 RCW, all tangible or intangible personal property, proceeds, or assets acquired in whole or in part with proceeds traceable to an exchange or series of exchanges in violation of this chapter or chapter 69.41 or 69.52 RCW, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this chapter or chapter 69.41 or 69.52 RCW. . . .

. . .

(b) Real or personal property subject to forfeiture under this chapter may be seized by any board inspector or law enforcement officer of this state upon process issued by any superior court having jurisdiction over the property. . . . Seizure of personal property without process may be made if:

. . .

(4) The board inspector or law enforcement officer has probable cause to believe that the property was used or is intended to be used in violation of this chapter.

(c) In the event of seizure pursuant to subsection (b), proceedings for forfeiture shall be deemed commenced by the seizure. The law enforcement agency under whose authority the seizure was made shall cause notice to be served within fifteen days following the seizure on the owner of the property seized and the person in charge thereof and any person having any known right or interest therein . . . .

The trial court further reasoned that, even if the banking and forfeiture statutes conflict, the banking statute more specifically addresses the subject matter of the instant case—CityBank's liability for payment of funds on an account that was not subject to a court order. The County appeals dismissal of its action on summary judgment. City-Bank appeals the trial court order denying its request for attorney fees.

## II

The trial court was correct. Under RCW 30.20.090, City-

Bank is immune from liability. This statute does not conflict with the forfeiture statute. Assuming that the seizure here was valid, none of the County's arguments have merit.

First, the County argues that "[t]he Banking Statute [RCW 30.20.090] does not apply in this case because the Task Force never made an 'adverse claim' as required by the Banking Statute." Instead, the County argues, it was notifying CityBank of its inchoate interest in the property itself. We disagree with the County's reasoning. An inchoate interest in property may logically be an "adverse claim" against property. *Deeter v. Smith*,[1] cited by the County, does not support its contention that the County "cannot be considered an 'adverse claimant' within the meaning of the Banking Statute." *Deeter* interpreted the attorney fees provisions of RCW 69.50.505(e) which allow an award of attorney fees "[i]n a court hearing between two or more claimants to the article or articles involved."[2] The court in *Deeter* held that "[a] reading of this statute makes it clear that the word 'claimants' therein does not include the seizing law enforcement agency or municipality."[3] The County's reliance upon the holding in *Deeter* is misplaced because that case does not address the definition of an adverse claimant under RCW 30.20.090.

The County notes that RCW 30.20.090 fails to define what constitutes an "adverse claim." However, the County offers no suggested definition of that term. Words in statutes are generally understood in their ordinary and popular sense.[4] If needed, a court may rely upon a dictionary to reach an understanding of the meaning of words in

---

[1] 106 Wn.2d 376, 377, 721 P.2d 519 (1986) (the County miscites this case as 106 Wn.2d 669).

[2] *Deeter,* 106 Wn.2d at 380.

[3] *Deeter,* 106 Wn.2d at 380.

[4] *State v. Montgomery,* 95 Wn. App. 192, 200-01, 974 P.2d 904, *review denied,* 139 Wn.2d 1006 (1999).

statutes.[5] BLACK'S LAW DICTIONARY 53 (6th ed. 1990) defines an "adverse claim" as "[a]n alleged right of one person asserted against the interest of another person." Adopting that definition, we find that the County's claimed right to the funds in the Cramer Enterprises, Inc. account is an "adverse claim."

The County next argues that the banking statute is inapplicable because the County is presumed to be bonded in civil actions. The County contends that the seizure statute requires banks to honor adverse claims if they are either accompanied by a court order or a bond. It then argues that the bond requirement is satisfied here because, under RCW 4.92.080, government agencies proceeding on behalf of the State are exempt from having to post bonds in any action. We disagree. The statutory bond exemption relied on by the County applies, and is limited to, court proceedings. It does not eliminate the bond requirements of RCW 30.20.090.

■ The County further contends that we should resort to legislative history in order to determine the Legislature's intent in enacting the Banking Statute. But "[i]n judicial interpretation of statutes, the first rule is 'the court should assume that the legislature means exactly what it says. Plain words do not require construction.' "[6] RCW 30.20.090 clearly sets forth an alternative to a court order where a bank is satisfied with the form of surety provided by an adverse claimant. The plain unambiguous words of the statute do not require construction. Resort to legislative history is not warranted here.

The County also argues that public policy considerations implicit in the "war on drugs" require reversal. The County argues that because modern technology allows funds to be transferred and dispersed within a matter of seconds, obtaining a court order for the seizure of bank accounts is

[5]*Montgomery*, 95 Wn. App. at 200-01.

[6]*State v. McCraw*, 127 Wn.2d 281, 288, 898 P.2d 838 (1995) (quoting *Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 329, 815 P.2d 781 (1991)).

"time consuming and potentially ineffective." But law enforcement authorities can, and do, obtain court orders for the seizure of bank accounts before suspects are arrested (and thus aware of the need to transfer and disperse funds).[7] Moreover, we note that the County has not shown the impracticality of obtaining a court order in this case. In any event, this State's public policy is also found in the immunity provisions of the banking statutes.

We also reject the County's contention that the trial court erred in not explicitly ruling on the County's theory of breach of a constructive trust. No pertinent authority is cited to support the applicability of this equitable doctrine under the facts of this case, and we reject it.

Finally, the County contends that the trial court erred in ruling as an alternative basis for granting summary judgment to CityBank that RCW 30.20.090 controls in the event that statute presents a conflict with RCW 69.50.505. But RCW 69.50.505 does not address the issue presented here: a bank's liability for payment of funds on a purportedly "seized" account that is not restricted by a court order. Because the banking and forfeiture statutes do not conflict, we do not address the County's contention.

## III

On appeal, the County moved this court to strike portions of CityBank's brief. The County notes that

Cause No. 44045-4-I, is an appeal taken by Snohomish County from an order granting summary judgment to CityBank. In addition, CityBank has appealed in Cause No. 44741-6-I from the Superior Court's denial of its motion for attorneys fees. Involved in that case is the alleged non-disclosure of a settlement agreement between Snohomish County and [Mr. Cramer]. What is significant for this motion is that in [Cause No. 44045-4-I], the settlement agreement was not before the Superior Court and was not considered by the Superior Court in making its determination to grant the motion for summary

---

[7]*See, e.g., United States v. Walker,* 943 F. Supp. 1326 (D. Colo. 1996).

judgment. As such, the settlement agreement is not part of the record below, and this court is limited to that record in reviewing the decision of the Superior Court.

In response, CityBank moves this court to supplement the record in Cause No. 44045-4-I to include the pleadings filed in its appeal of the trial court's order denying its motion for attorney fees. Consideration of the record in Cause No. 44741-6-I is not necessary for resolution of Cause No. 44045-4-I, because RCW 30.20.090 adequately addresses the issue of CityBank's liability. We thus deny both the County's and CityBank's motions.

## IV

█ CityBank requests attorney fees in Cause No. 44045-4-I on the basis that the County's appeal is in bad faith, a violation of CR 11, and frivolous. Given that interpretation of RCW 30.20.090 presents an issue of first impression, we decline to award attorney fees.

CityBank's request for attorney fees below was based upon CR 11, CR 37, and RCW 4.84.185. CityBank cites to a version of CR 11 superceded in 1993, which requires an award of sanctions, rather than the current version of CR 11 which renders such awards discretionary. The other bases under which CityBank made its request were, and still are, discretionary. Discretionary rulings awarding or denying attorney fees under the provisions relevant here are reviewed under the abuse of discretion standard.[8] CityBank has not set forth the standard of review applicable to discretionary rulings, nor has CityBank explained how the trial court abused its discretion. We thus affirm the trial court's order denying attorney fees.

## V

Assuming that the drug forfeiture statute authorizes the seizure under the facts of this case and assuming that the

---

[8]*State ex rel. Quick-Ruben v. Verharen*, 136 Wn.2d 888, 903, 969 P.2d 64 (1998).

purported notice here was valid, CityBank is immune from liability because the Cramer Enterprises, Inc. account was not subject to a court order. The alternative surety provisions of RCW 30.20.090 are inapplicable because CityBank did not approve an indemnifying bond. We thus affirm the trial court's dismissal of the County's suit. We deny the County's motion to strike and CityBank's cross motion to supplement the record. We affirm the trial court's order denying CityBank's motion for attorney fees because no abuse of discretion is apparent.

Affirmed.

Cox and APPELWICK, JJ., concur.