**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| GWYNETH POPE and DANIEL STACEY, wife and husband, | No. 45927-2-II (Consolidated with No. 46127-7-II) |
| Appellant/Cross-Respondents, | UNPUBLISHED OPINION |
| v. | |
| BRUCE GARDNER and PATRICIA GARDNER, husband and wife, | |
| Respondents/Cross-Appellants. | |

BJORGEN, J. — Gwyneth Pope and Daniel Stacey appeal (1) an order dismissing their trespass claim against Bruce and Patricia Gardner on summary judgment and (2) a judgment awarding attorney fees to the Gardners for defending against a quiet title claim made by Pope and Stacey. The Gardners cross-appeal an order denying CR 11 sanctions against Pope and Stacey for pursuing the trespass claim. We affirm (1) the dismissal of Pope and Stacey's trespass claim because they fail to show actual and substantial damages, an essential element of their claim, (2) the award of attorney fees to the Gardners for defending against the quiet title claim because Pope and Stacey have waived any claim of error, and (3) the denial of CR 11 sanctions because the Gardners fail to show an abuse of the trial court's discretion.

FACTS

In 2002, the Gardners bought a parcel of land in Thurston County. In 2003, they hired a surveyor to locate their property boundaries so that they could build on the lot. With the help of James Heath, who owned the adjacent parcel, the surveyor found nearby plat monuments and then used those monuments, along with recorded plat distances, to locate what he believed were

the corner markers of the Gardners' lot. The Gardners then built a house, deck, external staircase, and retaining wall set back from the boundary drawn using the ostensible corner markers.

In 2004, Pope and Stacey bought Heath's parcel and commissioned a survey of their own. That survey indicated that the Gardners' retaining wall and deck encroached slightly onto Pope and Stacey's property. The survey also revealed that other improvements built by the Gardners violated provisions in the Thurston County Code requiring a six foot setback from the property boundary. A second survey conducted by Pope and Stacey in 2010 confirmed the encroachments and setback violations.

Pope and Stacey had purchased their lot with plans to improve it and live there. When they began taking steps to realize those plans, several of their construction consultants told them Thurston County would likely delay or deny any permit they applied for while the encroachments were in place. The consultants therefore counseled Pope and Stacey to get the encroachments removed before moving forward with their plans. Accordingly, Pope and Stacey contacted the Gardners and asked them to remove the retaining wall and deck. The Gardners refused.

Pope and Stacey turned to the courts, filing a complaint alleging two causes of action. First, Pope and Stacey alleged that the Gardners had trespassed on their land by building structures on it. Second, Pope and Stacey alleged that their predecessor in interest had obtained a prescriptive easement over a driveway on the Gardners' property and asked the trial court to quiet title in the easement in them.

In 2011, the trial court granted the Gardners partial summary judgment on Pope and Stacey's quiet title claim based on a recorded addendum to the real estate contract between each

2

of their predecessors in interest.  The addendum gave the Gardners' and Pope and Stacey's predecessors permission to use the portion of the driveway on the property of the other, defeating any claim that any use of the driveway was adverse, and therefore any claim to a prescriptive easement.  The trial court later granted the Gardners attorney fees under RCW 4.84.330 for defending against the quiet title action based on a provision in the real estate contract governing the sale of their lot.

In 2012, the parties resolved Pope and Stacey's trespass claim through mediation.  The resulting agreement required the Gardners to (1) apply for permits to remove any structures encroaching on Pope and Stacey's property within 14 days of the entry of the judgment, (2) remove the encroachments, and (3) cure the setback violations.  Pope and Stacey reserved their right to seek damages for the trespass, and the Gardners reserved their right to contest any such claim.

The Gardners obtained permits in August 2012 to remove the encroachments.  They removed the encroachments a few weeks later and cured the setback violations within a year.

Pope and Stacey continued to seek compensation for the trespass after the Gardners removed the encroachments.  In October 2013, they obtained an opinion letter from real estate appraiser Todd Wilmovsky, stating that the encroachments had prevented Pope and Stacey from developing their lot, resulting in a $56,000 diminution in value.  They also stated their intention to seek attorney fees under RCW 4.84.630, which allows for an award of attorney fees for certain trespass actions.[1]

---

[1] RCW 4.24.630(1) provides that
> Every person who goes onto the land of another and who removes timber, crops, minerals, or other similar valuable property from the land, or wrongfully causes waste or injury to the land, or wrongfully injures personal property or

The Gardners moved for summary judgment dismissal of Pope and Stacey's trespass claim and denial of their request for attorney fees. On the trespass claim, the Gardners argued that Pope and Stacey had failed to show an element of the claim, actual and substantial damages, because, among other deficiencies, their expert had opined on diminution in value, which was the wrong measure of damages. With regard to the request for attorney fees, the Gardners contended that their trespass, which resulted from an honest mistake contributed to by Pope and Stacey's predecessor in interest, did not have the type of wrongful intent necessary for an award of fees under RCW 4.84.630.

Pope and Stacey opposed the Gardners' motion for summary judgment on the trespass claim by submitting a declaration from Wilmovsky, which incorporated his original opinion letter discussing damages from diminution in value. Pope and Stacey also submitted declarations from their construction consultants, expressing the opinions that the County would not issue construction permits as long as the encroachments were in place and that Pope and Stacy should not attempt to remodel until the encroachments were removed. They also submitted a declaration from Pope, stating that they purchased the property for their primary residence, intended to remodel the existing structures for that purpose, and were unable to do so after negotiations with the Gardners failed.

---

improvements to real estate on the land, is liable to the injured party for treble the amount of the damages caused by the removal, waste, or injury. For purposes of this section, a person acts "wrongfully" if the person intentionally and unreasonably commits the act or acts while knowing, or having reason to know, that he or she lacks authorization to so act. Damages recoverable under this section include, but are not limited to, damages for the market value of the property removed or injured, and for injury to the land, including the costs of restoration. In addition, the person is liable for reimbursing the injured party for the party's reasonable costs, including but not limited to investigative costs and reasonable attorneys' fees and other litigation-related costs.

Because they believed that Pope and Stacey's evidence on diminution in value could not make out a proper claim for damages under Washington law, the Gardners twice notified Pope and Stacey that they would seek sanctions under CR 11 if Pope and Stacey continued to pursue the matter. When Pope and Stacey persisted, the Gardners sought sanctions to reimburse them for their costs in defending against the trespass claim after they had fully complied with the mediated agreement.

After considering the parties' briefing, the trial court granted the Gardners summary judgment on Pope and Stacey's trespass claim. The trial court also denied Pope and Stacey's request for attorney fees under RCW 4.84.630.

During a later argument on the Gardners' CR 11 motion, Pope and Stacey represented to the trial court that their expert had told them that diminution in value was one aspect of the loss of use of property and had actually stated as much in his deposition testimony. The trial court allowed Pope and Stacey to supplement the record with portions of the expert's deposition. Pope and Stacey instead produced a new declaration from their expert equating loss of use and diminution of value. The Gardners moved to strike the declaration, arguing that Pope and Stacey had disregarded the trial court's order, which allowed them to supplement the record with only portions of their expert's deposition testimony. The trial court agreed with the Gardners, granted their motion to strike the declaration and awarded the Gardners attorney fees related to the motion to strike, but otherwise denied the Gardners' request for CR 11 sanctions.

Pope and Stacey appeal the order dismissing their trespass claim and their claim to attorney fees under RCW 4.84.630. Pope and Stacey also appeal the award of attorney fees to the Gardners for defending against Pope and Stacey's quiet title action. The Gardners cross appeal the denial of their request for sanctions under CR 11.

5

ANALYSIS

I. STANDARD OF REVIEW

We review a trial court's order on summary judgment de novo, performing the same inquiry as the trial court. *Lakey v. Puget Sound Energy, Inc.*, 176 Wn.2d 909, 922, 296 P.3d 860 (2013). We view the evidence, and any reasonable inferences from the evidence, in the light most favorable to the nonmoving party. *Lakey*, 176 Wn.2d at 922. Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." CR 56(c). "A material fact is one upon which the outcome of litigation depends in whole or in part." *Barrie v. Hosts of Am., Inc.*, 94 Wn.2d 640, 618 P.2d 96 (1980). The party moving for summary judgment "bears the initial burden of showing the absence of an issue of material fact." *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). If the moving party makes this showing, the nonmoving party must "'set forth specific facts showing that there is a genuine issue for trial'" to avoid summary judgment. *Young*, 112 Wn.2d at 225-26 (quoting CR 56(e)).

We review an award of attorney fees under two different standards of review. We first review de novo whether fees are authorized by statute, contract, or recognized ground in equity, then review any award of fees for an abuse of discretion. *Gander v. Yeager*, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012). A trial court abuses its discretion when its decision is outside the range of acceptable choices, unsupported by the record, or reached using an incorrect legal standard. *In re Marriage of Horner*, 151 Wn.2d 884, 894, 93 P.3d 124 (2004) (quoting *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997)).

We review a trial court's order on a motion for CR 11 sanctions for an abuse of discretion, *Biggs v. Vail*, 124 Wn.2d 193, 197, 876 P.2d 448 (1994), because the trial court "'has

tasted the flavor of the litigation and is in the best position'" to determine whether sanctions are warranted. *Miller v. Badgley*, 51 Wn. App. 285, 300, 753 P.2d 530 (1988) (quoting *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1174 (D.C. Cir. 1985)).

## II. TRESPASS

Pope and Stacey first argue that the trial court erred by dismissing their trespass claim on summary judgment because (1) material issues of fact remain as to whether this was a continuing trespass and (2) they presented evidence of actual and substantial damages in the form of the Wilmovsky opinion letter. The Gardners contend that summary judgment was appropriate because Pope and Stacey failed to show actual and substantial damages, an essential element of their claim. We agree with the Gardners.

A trespass involves "an intentional or negligent intrusion onto or into the property of another, or 'an unprivileged remaining on land in another's possession.'" *Fradkin v. Northshore Util. Dist.*, 96 Wn. App. 118, 123, 977 P.2d 1265 (1999) (quoting *Bradley v. Am. Smelting & Ref. Co.*, 104 Wn.2d 677, 693, 709 P.2d 782 (1985)). To show an intentional trespass, the plaintiff must establish (1) an intentional invasion of property affecting an interest in exclusive possession, (2) reasonable foreseeability that the act would disturb the plaintiff's possessory interest, and (3) actual and substantial damages. *Wallace v. Lewis County*, 134 Wn. App. 1, 15, 137 P.3d 101 (2006).

A trespass may be permanent or continuing. *See Wallace*, 134 Wn. App. at 15. A continuing trespass occurs where the intrusion is reasonably abatable. *See Fradkin*, 96 Wn. App. at 125. An intrusion is abatable "so long as the defendant can take curative action to stop the continuing damages." *Fradkin*, 96 Wn. App. at 125-26.

7

Whether a trespass is permanent or continuing determines the proper measure of damages. The measure of damages for a permanent trespass is the diminution of the property's value caused by the trespass. *Keesling v. City of Seattle*, 52 Wn.2d 247, 253, 324 P.2d 806 (1958) (citing *Messenger v. Frye*, 176 Wash. 291, 298-99, 28 P.2d 1023 (1934)). The measure of damages for a continuing trespass is the cost of restoration and the loss of use. *See Keesling*, 52 Wn.2d at 253 (citing *Messenger*, 176 Wash. at 298-99). A plaintiff failing to show the proper measure of damages fails to show the actual and substantial damages element of a trespass claim. *Wallace*, 134 Wn. App. at 17.

The trial court properly granted the Gardners summary judgment on the trespass claim. The Gardners established the absence of a genuine issue of material fact by pointing out Pope and Stacey's failure to establish actual and substantial damages. *Young*, 112 Wn.2d at 255, 255 n.1 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In response, the only evidence Pope and Stacey produced showing actual damages was the Wilmovsky declaration, which incorporated his opinion letter.[2] That opinion, however, used the wrong measure of damages, diminution in value instead of loss of use. That error necessitated summary judgment in the Gardners' favor. *Wallace*, 134 Wn. App. at 17.

Pope and Stacey argue that summary judgment was inappropriate because whether a trespass is continuing or permanent is a question of fact that the jury must resolve, citing *Fradkin*, 96 Wn. App. at 123-26. While the nature of the trespass is typically a question of fact, here it is not; nor is it material. As the Gardners implicitly argue, reasonable minds could only

---

[2] At oral argument, Pope and Stacey argued that other evidence in the record showed loss of use damages. Pope and Stacey waived this claim by failing to present it prior to oral argument. *State v. Nelson*, 18 Wn. App. 161, 164, 566 P.2d 984 (1977).

reach the conclusion that this was an abatable and, therefore, continuing trespass: the Gardners removed the encroachments quickly after the mediation. *Rucker v. Novastar Mortg., Inc.*, 177 Wn. App. 1, 10, 311 P.3d 31 (2013). The nature of this trespass is therefore a question of law. *Rucker*, 177 Wn. App. at 10. Further, the nature of the trespass does not affect the outcome of Pope and Stacey's claim, making it immaterial. CR 56(c); *Barrie*, 94 Wn.2d at 642. If the trespass were continuing, Pope and Stacey's claim was properly dismissed for failure to establish one of its elements, actual and substantial damages. If the trespass were permanent, Pope and Stacey's claim was untimely, given the three year time bar for trespass claims and the fact that they knew of the intrusions onto their land seven years before they filed suit. *See* RCW 4.16.080(1).

In their reply brief, Pope and Stacey argue that they did not need to show actual and substantial damages because *Bradley* and *Wallace*, the cases on which the Gardners rely, concerned only transitory trespasses. If this is to argue that the requirement of actual and substantial damages applies only to transitory trespasses, it is inconsistent with *Bradley*, 104 Wn.2d at 691-92, as well as counter to common sense. Actual and substantial damages are a requirement of any continuing trespass claim. *See Woldson v. Woodhead*, 159 Wn.2d 215, 219, 149 P.3d 361 (2006). In a continuing trespass suit, it is the plaintiff's receipt of a new injury daily, manifested by actual and substantial damages, that allows the plaintiff to escape the three year statute of limitations applicable to the original intrusion and instead recover damages for the three years before the filing of the suit. *Woldson*, 159 Wn.2d at 219; *Pac. Sound Res. v. Burlington N. Santa Fe Ry. Corp.*, 130 Wn. App. 926, 941, 125 P.3d 981 (2005). Pope and Stacey allege a continuing trespass. The failure to show actual and substantial damages was fatal to their claim.

9

III. ATTORNEY FEES AWARDED IN THE QUIET TITLE ACTION

Pope and Stacey also appeal the judgment granting the Gardners attorney fees for defending against their quiet title claim. They contend that "[b]ecause the Gardners were not entitled to summary judgment as a matter of law, they should not be able to recover attorney fees as the prevailing party." Appellant's Opening Br. at 11. That sentence, which is the totality of their argument on the issue, is unsupported by citation to the record or relevant authority. *See Saviano v. Westport Amusements, Inc.*, 144 Wn. App. 72, 84, 180 P.3d 874 (2008) (citing RAP 10.3(a)(6)). Perhaps more to the point, Pope and Stacey present no persuasive argument that the Gardners were not entitled to summary judgment on the quiet title claim. Pope and Stacey's argument is insufficient to support their challenge to the award of attorney fees.

IV. CR 11 SANCTIONS

The Gardners cross appeal the trial court's denial of their request for costs under CR 11. They contend that Pope and Stacey's trespass claim was not "well grounded in fact [and] . . . not warranted by . . . law" given the problems in Pope and Stacey's expert's declaration on damages. Br. of Resp'ts/Cross-Appellants at 22-25. The Gardners, however, show no abuse of the trial court's discretion, and we affirm the trial court's denial of CR 11 sanctions.

CR 11 governs sanctions for two different types of filings: those lacking a factual or legal basis and those made for improper purposes. *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 217, 829 P.2d 1099 (1992). A court may impose sanctions for either type of filing. *See Harrington v. Pailthorp*, 67 Wn. App. 901, 912, 841 P.2d 1258 (1992).

A pleading, motion, or legal memorandum subjects the filing party or the signing attorney to sanctions under the first of these categories "if it is both (1) baseless and (2) signed without reasonable inquiry." *Hicks v. Edwards*, 75 Wn. App. 156, 163, 876 P.2d 953 (1994)

10

(emphasis omitted) (internal quotation marks omitted). Under the first prong, a filing is baseless when it is "(a) not well grounded in fact, or (b) not warranted by (i) existing law or (ii) a good faith argument for the alteration of existing law." *Hicks*, 75 Wn. App. at 163. Under the second prong, sanctions are warranted where the attorney "failed to conduct a reasonable inquiry into the factual and legal basis of the claim." *Bryant*, 119 Wn.2d at 220 (emphasis omitted). The reasonableness of the attorney's inquiry is measured objectively and the examination focuses on what "was reasonable to believe at the time" the attorney made the filing. *Bryant*, 119 Wn.2d at 220.

CR 11 imposes a continuing duty to ensure that claims have a factual and legal basis. A court may impose sanctions on a party or attorney who becomes aware that a claim lacks a factual or legal basis as the case progresses, but nevertheless continues to pursue the claim. *MacDonald v. Korum Ford*, 80 Wn. App. 877, 884-91, 912 P.2d 1052 (1996).

The Gardners extensively brief what they consider the failings in Pope and Stacey's claims against them. CR 11, however, was specifically amended to delete language *requiring* sanctions where a party's claim proves baseless. *Snohomish County v. Citybank*, 100 Wn. App. 35, 43, 995 P.2d 119 (2000). Here the trial court chose to impose only limited CR 11 sanctions, awarding the Gardners attorney fees only for their motion to strike Pope and Stacey's declaration that was not in keeping with the trial court's directions. Even if Pope and Stacey's claim were baseless, the Gardners offer no argument to explain how the trial court's choice of limited sanctions was manifestly unreasonable. Thus, the Gardners have not shown the trial court's choice to be an abuse of discretion, and we affirm its order denying CR 11 sanctions. *Snohomish County*, 100 Wn. App. at 43.

V.  ATTORNEY FEES ON APPEAL

11

Pope and Stacey seek attorney fees pursuant to RAP 18.1 and RCW 4.24.630. RAP 18.1 allows this court to award reasonable attorney fees on appeal where authorized by "applicable law." RCW 4.24.630 allows an award of reasonable attorney fees where a person "wrongfully," meaning "intentionally and unreasonably," causes injury to the land of another. The Gardners inadvertently encroached on Pope and Stacey's land because of a surveyor's error. They lacked the requisite culpable intent, and fees are unwarranted.

The Gardners seek attorney fees under RAP 18.1 and RAP 18.9. RAP 18.9 authorizes this court to award reasonable attorney fees "as sanctions, terms, or compensatory damages" for the filing of a frivolous appeal. *Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010). An appeal is frivolous where we are "convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal." *Advocates for Responsible Dev.*, 170 Wn.2d at 580.

While we hold that the trial court did not abuse its discretion in denying attorney fees as a CR 11 sanction, we exercise our own discretion in determining whether or not to award fees on appeal under RAP 18.9. *Cf. State v. Blazina*, 182 Wn.2d 827, 834-35, 344 P.3d 680 (2015) (where different levels of court have discretion with regard to an issue, each must make its own independent determination on how to exercise that discretion).

We hold above that the trial court properly entered summary judgment, because the only evidence Pope and Stacey produced showing actual damages on summary judgment was the Wilmovsky declaration, which used the wrong measure of damages, diminution in value instead of loss of use. On appeal, Pope and Stacey argue that they also produced the declarations from their consultants and from Pope, showing that the presence of the encroachments caused them to

12

delay their planned construction of a residence on the property. CP at 111-14, 118-20, 207-10. These declarations certainly raise genuine issues of material fact as to whether the encroachments delayed the construction of Pope and Stacey's planned residence. They say nothing, though, about what actual and substantial damages Pope and Stacey incurred from this delay. Again, the only evidence of this nature is the Wilmovsky declaration, which improperly used diminution in value as the measure of a continuing trespass. In *Wallace*, 134 Wn. App. at 17-18, we held that the use of diminution in value for a continuing trespass failed to show the actual and substantial damages necessary to avoid summary judgment. That is also the case here. With this clear authority, Pope and Stacey's argument concerning damages presents no debatable issues upon which reasonable minds might differ.

Pope and Stacey also argue on appeal that under *Fradkin* the question whether the trespass was continuing or permanent was a question of fact that must go to the jury. *Fradkin*, however, did not announce a flat rule that this issue must always be decided by a jury. Rather, it simply held on review of summary judgment that there was an issue of fact whether the claimed trespass was continuing or permanent. *Fradkin*, 96 Wn. App. at 118, 126. There is no question of fact on this issue in the present appeal. On this argument also, this appeal presents no debatable issues upon which reasonable minds might differ.

Because Pope and Stacey's claims on appeal present no such debatable issues, they must be deemed frivolous under *Advocates for Responsible Development*, 170 Wn.2d at 580. We award the Gardners attorney fees on appeal, subject to timely compliance with RAP 18.1(d).

## CONCLUSION

We affirm the dismissal of Pope and Stacey's trespass claim, the award of attorney fees to the Gardners for defending against the quiet title claim, and the denial of the Gardners' request

13

for CR 11 sanctions. We award the Gardners reasonable attorney fees for defending against

Pope and Stacey's appeal under RAP 18.9.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040,

it is so ordered.

_____
BJORGEN

We concur:

_____
JOHANSON, C.J.

_____
MELNICK, J.